**POSTON v. UNITED STATES**
(two cases).
**Civ. Nos. 2068, 2069.**

United States District Court
W. D. Kentucky, at Louisville.
Jan. 24, 1952.

$1550, and the plaintiff, Nellie Opal Poston, $5325, as damages arising out of a collision between a truck owned and operated by the defendant United States and driven on the 21st day of October, 1950, by Thomas Redemann, a member of the United States Army, stationed at Fort Knox, Kentucky.

The cases were consolidated and heard together on December 3, 1951. The Court makes the following—

### Findings of Fact

1. October 21, 1950, Thomas Redemann was a member of the Armed Forces of the United States and stationed at Fort Knox, Kentucky. At about 6:30 P.M. on that day Redemann was operating a 2½ ton army truck, driving southeastwardly on Old Third Street Road in Jefferson County, Kentucky, on a mission for the defendant United States and was acting within the scope of his employment as a soldier.

2. James D. Poston owned and was driving an automobile southeastwardly on Old Third Street Road in Jefferson County and had stopped his automobile on his right-hand side of the road to wait for an automobile to be driven out of the premises of John Hicks.

3. While the automobile driven by James D. Poston, in which the plaintiff, Nellie Opal Poston, was riding was stopped or parked in front of the Hicks home, the automobile was struck from the rear by the truck of the United States operated by Thomas Redemann. Old Third Street Road, in front of and adjacent to the property of John Hicks, is straight and had Redemann maintained a proper lookout, he could have seen the Poston car for approximately one-half a mile northeastwardly along the highway from the property of John Hicks.

4. The truck operated by Thomas Redemann struck the Poston car from the rear, after skidding approximately 105 feet and the impact knocked the Poston automobile approximately 45 feet on the opposite side of the road from which it was parked.

5. Thomas Redemann did not maintain a proper lookout to ascertain the presence of the Poston car or other vehicles along

Joe A. Wallace, Wallace & Hopson, Louisville, Ky., for plaintiffs.

David C. Walls, U. S. Atty., Norris W. Reigler, Asst. U. S. Atty., Louisville, Ky., for defendant.

SHELBOURNE, Chief Judge.

The above styled actions were filed in this Court February 12, 1951. The plaintiff, James D. Poston, sought to recover

the highway and was driving at an excessive rate of speed and failed to use ordinary care to avoid striking and coming into collision with the Poston car.

6. As a direct result of the collision, the plaintiff, Nellie Opal Poston, received bruises on her back, head, legs and body; five teeth were knocked loose; she was unable to eat for a period of four or five days and suffered painful injuries. She incurred medical bils to Dr. Greenfield and hospital bills of $85, to Dr. Sam Gordon $15 and to St. Joseph's Hospital $24, an aggregate of $124.

7. The parties have stipulated herein that the damage to the automobile of James D. Poston was $269.64.

James D. Poston received a sprain of his left wrist and bruises on his right knee.

### Conclusions of Law.

I. This Court has jurisdiction of the parties and this cause of action under the Federal Tort Claims Act, Title 28 U.S.C.A. § 1346.

II. The defendant, United States of America, is responsible for the acts and conduct of its soldier Thomas Redemann in the operation of the army truck at the time and on the occasion.

III. The said Thomas Redemann was negligent in the management and operation of said truck and the collision and resulting damage to the automobile of James D. Poston and the injuries sustained by James D. Poston and Nellie Opal Poston were caused directly by the negligence of Thomas Redemann.

IV. The plaintiff, Nellie Opal Poston, is entitled to recover on account of medical and hospital bills $124, and on account of pain and suffering an additional sum of $750, making a total of $874.

V. The plaintiff, James D. Poston, is entitled to recover on account of the damages to his automobile $269.64, and an additional sum of $100 on account of pain and suffering, an aggregate of $369.64.

Judgments awarding these amounts respectively to the plaintiffs will be tendered accordingly.